UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| JACK FROST DELACOTERA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 3:16-cv-01464 |
| v. ) | Judge Trauger |
| ) | Magistrate Judge Brown |
| CAROLYN W. COLVIN, ) | |
| Acting Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

To: The Honorable Aleta A. Trauger, United States District Judge

**REPORT AND RECOMMENDATION**

Pursuant to 42 U.S.C. § 405(g), the Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") terminating the Plaintiff's disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401-434. (Doc. 16). For the following reasons, the Magistrate Judge **RECOMMENDS** that the Plaintiff's motion for judgment on the administrative record (Doc. 16) be **GRANTED** to the extent that the case is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for consideration under the appropriate burden of proof.

**I. PROCEDURAL HISTORY**

This is a cessation of benefits case. The SSA initially awarded the Plaintiff disability benefits effective March 18, 1999. (Doc. 14, p. 123).[1] As of June 14, 2010, the SSA determined the Plaintiff continued to be disabled. (Doc. 14, p. 95). Revisiting the Plaintiff's disability status on May 15, 2014, the SSA found the Plaintiff's disability had ceased in May 2014. (Doc. 14, p. 96). This decision was confirmed upon reconsideration. (Doc. 14, p. 98). At the Plaintiff's

---

[1] Citations to the administrative record (Doc. 14) are to the Bates stamp at the lower right corner of each page.

1

request, an administrative hearing took place on June 23, 2015. (Doc. 14, pp. 63-92). The ALJ issued an unfavorable decision (Doc. 14, pp. 46-61), and the Appeals Council declined to review the ALJ's decision (Doc. 14, pp. 1-4). Thereafter, the Plaintiff filed a complaint in this Court. (Doc. 1). The matter was referred to the Magistrate Judge pursuant to Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1)(A) and (B). (Doc. 5). The Plaintiff moved for judgment on the administrative record (Doc. 16), to which the Defendant responded (Doc. 17), and the Plaintiff replied (Doc. 18). The matter is ripe for resolution.

## II. THE ADMINISTRATIVE DECISION

As the Plaintiff was most recently adjudicated disabled on June 14, 2010, that date was deemed the comparison point decision ("CPD"). (Doc. 14, p. 51). Up through May 1, 2014, the Plaintiff had not engaged in substantial gainful activity. (Doc. 14, p. 51). While the Plaintiff suffered from listed impairments at the time of the CPD, the ALJ concluded that the Plaintiff no longer suffered from a listed impairment. (Doc. 14, p. 51). As a result, the ALJ opined that medical improvement related to the Plaintiff's ability to work had occurred. (Doc. 14, p. 51). Though the Plaintiff's impairments had medically improved, they were still severe. (Doc. 14, p. 52). The Plaintiff had no past relevant work to consider. (Doc. 14, p. 55). Finding that the Plaintiff only suffered from non-exertional limitations, was a younger individual, and had a limited education, the ALJ concluded that the Plaintiff could perform a significant number of jobs in the national economy. (Doc. 14, pp. 54-55). Based on this finding, the ALJ concluded that the Plaintiff's disability ended as of May 1, 2014. (Doc. 14, p. 55).

## III. LEGAL STANDARDS

### A. STANDARD OF REVIEW

Upon review of the Commissioner's disability decision, this Court considers two questions: (1) whether the Commissioner's decision is supported by substantial evidence and (2) whether the proper legal criteria were applied to the Commissioner's decision. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). Even where a decision is supported by substantial evidence, it may not be upheld if the Commissioner's procedural violations materially prejudiced a claimant or deprived the claimant of a substantial right. *Brantley v. Comm'r of Soc. Sec.*, 637 F. App'x 888, 894 (6th Cir. 2016) (quoting *Rabbers v. Comm'r Soc. Sec. Admin.*, 582 F.3d 647, 651 (6th Cir. 2009)).

### B. ADMINISTRATIVE PROCEEDINGS

#### 1. INITIAL REVIEW FRAMEWORK

On initial review of an application for disability benefits, the Commissioner engages in a five-step evaluation. 20 C.F.R. §§ 404.1520(a), 416.920(a). First, if the claimant is engaged in substantial gainful activity, he is not disabled. *Id.* §§ 404.1520(a)(4)(i), 416.920(a)(4)(i). Second, the claimant is not disabled if he does not have a severe medically determinable impairment that meets duration requirements. *Id.* §§ 404.1520(a)(4)(ii), 416.920(a)(4)(ii). Third, the claimant is presumed disabled if he suffers from a listed impairment, or its equivalent, for the proper duration. *Id.* §§ 404.1520(a)(4)(iii), 416.920(a)(4)(iii). Fourth, the claimant is not disabled if based on his residual functional capacity ("RFC") he can perform past relevant work. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv). Fifth, if the claimant can adjust to other work based on his RFC, age, education, and work experience, he is not disabled. *Id.* §§ 404.1520(a)(4)(v),

416.920(a)(4)(v). The claimant bears the burden of proof through the first four steps, and the burden shifts to the Commissioner at step five. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 548 (6th Cir. 2004)).

### 2. CESSATION OF BENEFITS FRAMEWORK

Recipients of disability benefits are subject to periodic review of their continued entitlement to such benefits. 20 C.F.R. § 404.1594(a). An individual is not entitled to a presumption of continuing disability merely because he received an award of disability benefits in the past. *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286-87 & n.1 (6th Cir. 1994) (explaining that the lower court erred by applying a presumption of continuing disability). The Commissioner must review the individual's evidence "on a neutral basis." 20 C.F.R. § 404.1594(b)(6). Should substantial evidence demonstrate that the individual is able to engage in substantial gainful activity as a result of medical improvement related to the individual's ability to work, the Commissioner will terminate the award of disability benefits. 42 U.S.C. § 423(f)(1). This rule is implemented by an eight-step evaluation for DIB claims. 20 C.F.R. § 404.1594(f).

First, the claimant's disability has ended if he is engaging in substantial gainful activity and any applicable trial work period is complete. *Id.* § 404.1594(f)(1). Second, the claimant's disability continues if he has an impairment or combination thereof which meets or equals the severity of a listed impairment. *Id.* § 404.1594(f)(2). At the third step the inquiry turns to whether there has been medical improvement, i.e., a decrease in the medical severity of the claimant's impairments. *Id.* § 404.1594(f)(3). If there has been medical improvement, the inquiry proceeds to step four, where it is determined whether the medical improvement is related to the claimant's ability to work. *Id.* § 404.1594(f)(4). If there was no medical improvement or if medical improvement was unrelated to the claimant's ability to work, step five is reached and

disability continues unless an exception applies. *Id.* § 404.1594(f)(5). If the medical improvement is related to the claimant's ability to work, or if an exception applies, step six is reached and it must be determined whether the claimant's impairments are severe. *Id.* § 404.1594(f)(6). If the claimant's impairments are not severe, he is no longer disabled. *Id.* If the claimant has severe impairments but can perform past relevant work based on his RFC, he is no longer disabled at step seven. *Id.* § 404.1594(f)(7). At step eight, if the claimant cannot return to prior work but can do other work based on his RFC, age, education, and past work experience he is no longer disabled. *Id.* § 404.1594(f)(8).

Unlike initial disability determinations, "the ultimate burden of proof lies with the Commissioner in termination proceedings." *Kennedy v. Astrue*, 247 F. App'x 761, 765, 768 (6th Cir. 2007) (citing 20 C.F.R. § 404.1594(b)(5), (f)(7); *Griego v. Sullivan*, 940 F.2d 942, 944 (5th Cir. 1991)) (reversing and remanding because the Commissioner did not satisfy her burden of establishing medical improvement); *see also Nierzwick v. Comm'r of Soc. Sec.*, 7 F. App'x 358, 361 (6th Cir. 2001) (quoting *Griego*, 940 F.2d at 944); *Smith v. Comm'r of Soc. Sec.*, No. CV 15-11172, 2016 WL 4253965, at *6 (E.D. Mich. July 15, 2016), *report and recommendation adopted,* No. 15-CV-11172, 2016 WL 4205944 (E.D. Mich. Aug. 10, 2016) (quoting *Kennedy*, 247 F. App'x at 765).

The Commissioner bears the burden of proving both that "the severity of a claimant's impairment has medically improved, and that the claimant is now able to perform substantial gainful activity." *Little v. Comm'r of Soc. Sec.*, No. 1:12CV949, 2014 WL 656737, at *4 (S.D. Ohio Feb. 19, 2014) (citing 42 U.S.C. § 423(f)(1); *Kennedy*, 247 F. App'x at 764-65); *Couch v. Comm'r of Soc. Sec.*, No. 1:11-CV-174, 2012 WL 930864, at *3 (S.D. Ohio Mar. 19, 2012) (same); *Remelts v. Comm'r of Soc. Sec.*, No. 1:12-CV-110, 2013 WL 990137, at *7 (W.D. Mich.

5

Mar. 13, 2013) (same); *see also Maudlin v. Astrue*, No. 1:14-CV-256, 2015 WL 5212049, at *4 (S.D. Ohio Sept. 8, 2015); *Brown v. Comm'r of Soc. Sec.*, No. 3:14-CV-01462, 2015 WL 4644910, at *6 (N.D. Ohio Aug. 4, 2015).

### IV. ANALYSIS

The Plaintiff raises three claims of error: (1) the ALJ applied the wrong burden of proof during the 8-step inquiry, and because of this the ALJ's finding of medical improvement lacks substantial evidence; (2) the ALJ failed to provide good reasons for rejecting the opinion of a treating physician; and (3) the ALJ failed to cite the applicable standard for evaluating the Plaintiff's credibility. (Doc. 16-1).

The first claim of error is dispositive and taints the reliability of the administrative decision. In describing the eighth step imposed by 20 C.F.R. § 404.1594(f)(8), the ALJ stated:

> At the last step, the undersigned must determine whether other work exists that the claimant can perform, given his [RFC] and considering his age, education, and past work experience (20 CFR 404.1594(f)(8)). If the claimant can perform other work, he is no longer disabled. If the claimant cannot perform other work, his disability continues. ***Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the [SSA].*** In order to support a finding that an individual is not disabled at this step, the [SSA] is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the [RFC], age, education, and work experience.

(Doc. 14, p. 50) (emphasis added). Plainly read, this indicates the ALJ understood the burden of proof rested on the claimant at steps one through seven. In this cessation of benefits case, the Commissioner bore the burden of proving medical improvement and the ability to perform substantial gainful activity. The ALJ's articulation of the burden of proof is clear error.

Other courts presented with this exact language found this procedural mistake was not harmless and required reversal and remand. *McLean v. Colvin*, No. CIV-14-1031-R, 2015 WL 5730451, at *3-5 (W.D. Okla. Sept. 15, 2015), *report and recommendation adopted,* No. CIV-

6

14-1031-R, 2015 WL 5769994 (W.D. Okla. Sept. 30, 2015); *McCleave v. Colvin*, No. CIV-12-0881-F, 2013 WL 4840477, at *4-7 (W.D. Okla. Sept. 10, 2013); *Pinkston v. Astrue*, No. CIV-11-246-FHS, 2012 WL 3527926, at *4 (E.D. Okla. July 24, 2012), *report and recommendation adopted,* No. CIV-11-246-FHS-KEW, 2012 WL 3527220 (E.D. Okla. Aug. 15, 2012); *Ames v. Astrue*, No. 2:10-CV-0244, 2012 WL 931346, at *5-7, 11 (N.D. Tex. Mar. 13, 2012), *report and recommendation adopted,* No. 2:10-CV-0244, 2012 WL 946671 (N.D. Tex. Mar. 19, 2012); *Gordon v. Astrue*, No. CIV-09-518-HE, 2010 WL 2990841, at *3 (W.D. Okla. May 27, 2010), *report and recommendation adopted,* No. CIV-09-518-HE, 2010 WL 2990845 (W.D. Okla. July 26, 2010).

Reversal and remand is likewise necessary in this case. The plain language of the ALJ's decision indicates that the wrong legal standard was applied. Misapplication of the burden of proof is a fundamental legal error and is not harmless. Even if substantial evidence ultimately supports the Commissioner's decision, reversal and remand are nevertheless required to ensure the Plaintiff is guaranteed the procedural protections to which he is entitled. *See Brantley*, 637 F. App'x at 894 (quoting *Rabbers*, 582 F.3d at 651).

Most unhelpfully, the Defendant did not respond to the Plaintiff's claim that the ALJ applied the wrong burden of proof.[2] Avoiding this issue, the Defendant argued that the ALJ's opinion is supported by substantial evidence. (Doc. 17, pp. 4-6). It is true that the ALJ's decision must be supported by substantial evidence. It is equally true that the ALJ is given wide discretion in evaluating the evidence and the reviewing court will generally defer to the ALJ's decision if it falls within the ALJ's "zone of choice." *Blakley*, 581 F.3d at 406 (citations omitted). But for a reviewing court to confidently find that the ALJ's decision falls within this zone of choice, it

---

[2] Quite frankly, the Defendant would have saved the Plaintiff and Court a great deal of time and effort by reviewing and responding to this claim of error. The Plaintiff's brief clearly articulates this claim. Even the Defendant must surely concede that erroneous application of the burden of proof is not a trifling matter.

must be clear that the burden of proof was placed on the correct party. Absent this assurance, the ALJ's conclusions are drawn into question as the burden of proof may significantly affect the parameters of this "zone." And absent a response to this specific claim of error, the Defendant's ability to further challenge this contention is waived. *See Brown v. City of Franklin*, No. 3:16-CV-01342, 2016 WL 6948363, at *5 (M.D. Tenn. Nov. 28, 2016) (citing *Humphrey v. U.S. Attorney Gen.'s Office*, 279 F. App'x 328, 331 (6th Cir. 2008); Local Rule 7.01(b)).

To prevent future errors, the Defendant is encouraged to provide a copy of this Report and Recommendation to the ALJ so that the correct legal standard is applied in future cases.

## V. RECOMMENDATION

For the reasons explained above, the Magistrate Judge **RECOMMENDS** that the Plaintiff's motion for judgment on the administrative record (Doc. 16) be **GRANTED** to the extent that the case is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for consideration under the appropriate burden of proof.

The parties have fourteen (14) days after being served with a copy of this Report and Recommendation ("R&R") to serve and file written objections to the findings and recommendation proposed herein. A party shall respond to the objecting party's objections to this R&R within fourteen (14) days after being served with a copy thereof. Failure to file specific objections within fourteen (14) days of receipt of this R&R may constitute a waiver of further appeal. 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140, 155 (1985).

**ENTERED** this 17th day of January, 2017.

/s/ Joe B. Brown
JOE B. BROWN
United States Magistrate Judge