**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF TENNESSEE**
**NASHVILLE DIVISION**

| | | |
|---|---|---|
| **JACK FROST DELACOTERA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 3:16-cv-01464** |
| | ) | **Judge Aleta A. Trauger** |
| **NANCY A. BERRYHILL,** | ) | |
| **Acting Commissioner of Social Security,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## MEMORANDUM & ORDER

Plaintiff Jack Delacotera seeks judicial review, pursuant to 42 U.S.C. § 405(g), of the final decision of the Commissioner of the Social Security Administration ("SSA") terminating the plaintiff's disability insurance benefits ("DIB") under Title II of the Social Security Act, 42 U.S.C. §§ 401–434.

On January 17, 2017, the magistrate judge issued a Report and Recommendation ("R&R") (Doc. No. 21), to which the defendant has filed timely Objections (Doc. No. 22). The R&R recommends that the plaintiff's Motion for Judgment on the Pleadings and Administrative Record (Doc. No. 16) be granted and that the case be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g) for consideration under the appropriate burden of proof. For the reasons discussed herein, the court will overrule the defendant's Objections, accept the R&R, and grant the plaintiff's motion insofar as it seeks reversal and remand.

## I.    BACKGROUND

The SSA initially awarded the plaintiff DIB in March 18, 1999, finding that he had been disabled as a result of psychotic disorders since October 1, 1998. The SSA determined that the

plaintiff continued to be disabled as of June 14, 2010, after a continuing disability review ("CDR"). In the context of a subsequent CDR, the SSA found that the plaintiff was no longer disabled as of May 1, 2014. That decision was affirmed on reconsideration. The plaintiff requested a *de novo* hearing and a decision by an Administrative Law Judge ("ALJ"). The ALJ issued a decision unfavorable to the plaintiff, and the Appeals Council denied review, rendering the ALJ's decision the "final decision" of the SSA.

The plaintiff thereafter filed this civil action. The SSA answered and, on September 30, 2016, the plaintiff filed his Motion for Judgment on the Pleadings and Administrative Record. (Doc. No. 16.) In support of his motion, the plaintiff argues that the ALJ failed to apply the proper legal standard and that her decision was not supported by substantial evidence. In particular, the plaintiff points out that, in reciting the eight steps for assessing a claimant's disability in the context of a CDR, the ALJ failed to recognize that the burden of establishing the plaintiff's medical improvement rests with the SSA. The plaintiff also argues that (1) the medical evidence demonstrated that the plaintiff's condition remained essentially unchanged and, therefore, the ALJ's finding of medical improvement lacked substantial supporting evidence; (2) the ALJ failed to provide good reason for according no weight to the treating psychiatrist's opinion; and (3) the ALJ failed to recite the appropriate legal standard for making an adverse credibility determination.

In response, the SSA argued only that the ALJ's decision was supported by substantial evidence in the record. (Doc. No. 17.) The plaintiff filed a Reply, pointing out that "any defense of the ALJ's failure to apply the correct legal principles and meet her burden for terminating Plaintiff's disability benefits after 16 years" was "[c]onspicuously absent" from the SSA's Response. (Doc. No. 18, at 4.)

The magistrate judge issued his R&R on January 17, 2017. In setting out the applicable legal standard, the magistrate judge notes that, in a CDR, unlike in an initial disability determination, the SSA bears the burden of proving both that "the severity of a claimant's impairment has medically improved, and that the claimant is now able to perform substantial gainful activity." (Doc. No. 21, at 5 (quoting *Little v. Comm'r of Soc. Sec.*, No. 1:12CV949, 2014 WL 656737, at \*4 (S.D. Ohio Feb. 19, 2014)). The magistrate judge concludes that the "plain language of the ALJ's decision indicates that the wrong legal standard was applied"—that is, that she had allocated the burden of proof to the plaintiff to establish that he was still disabled—and that misapplication of the burden of proof, as a fundamental legal error, was not harmless and required reversal and remand. (*Id.* at 7.) The R&R observes that the defendant, "[m]ost unhelpfully," failed to respond to the plaintiff's argument that the ALJ applied the wrong burden of proof. (*Id.*) While he notes that the defendant's failure constitutes a waiver of her ability to further challenge this contention (*id.* at 8 (citations omitted)), the magistrate judge's recommendation is not premised on waiver.

## II.    THE DEFENDANT'S OBJECTIONS

The defendant filed timely Objections, expressing regret for the "lack of clarity" in the SSA's Response brief but without actually acknowledging her failure to address the plaintiff's contention that the ALJ applied the wrong legal standard. The defendant argues that the ALJ's decision "plainly stated" that the ALJ "'must' make the determination at each of the eight steps in the CDR process" and, "[a]t step three, the ALJ must determine whether medical improvement has occurred." (Doc. No. 22, at 2 (citing Tr. 50).) The defendant argues that this language implies that the ALJ understood that the agency bore the burden at step three to establish medical improvement. (*Id.*)

In his response to the Objections, the plaintiff argues that the SSA failed to address this issue in the Response in opposition to the Motion for Judgment and therefore waived her ability to further challenge the plaintiff's contention. The defendant also argues that the defendant's proposed interpretation of the ALJ's language strains credulity.

## III.    STANDARD OF REVIEW

When a magistrate judge issues a report and recommendation regarding a dispositive pretrial matter, the district court must review *de novo* any portion of the report and recommendation to which a specific objection is made. Fed. R. Civ. P. 72(b); 28 U.S.C. § 636(b)(1)(C); *United States v. Curtis*, 237 F.3d 598, 603 (6th Cir. 2001); *Massey v. City of Ferndale*, 7 F.3d 506, 510 (6th Cir. 1993). In conducting its review, the district court "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed. R. Civ. P. 72(b)(3).

In Social Security cases, the Commissioner determines whether a claimant is disabled within the meaning of the Social Security Act and, thereby, entitled to benefits. 42 U.S.C. § 405(h). The court's review of an ALJ's decision is limited to a determination of whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence. *Miller v. Comm'r of Soc. Sec.*, 811 F.3d 825, 833 (6th Cir. 2016) (quoting *Blakley v. Comm'r of Soc. Sec.*, 581 F.3d 399, 405 (6th Cir. 2009)). "[T]he Commissioner's failure to apply correct legal standards, or to show us that she has done so, [is] . . . grounds for reversal." *Hayden v. Barnhart*, 374 F.3d 986, 988 (10th Cir. 2004) (internal quotation marks and citation omitted); *see also Blakley*, 581 F.3d at 409 (stating that, even if the ALJ's ultimate decision is supported by substantial evidence, a procedural error requires that a reviewing court "reverse and remand unless the error is a harmless *de minimis* procedural violation").

**IV.     ANALYSIS**

Disability insurance benefits are available under the Social Security Act when an eligible claimant is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment . . . which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A); *see also* 42 U.S.C. § 423(a)(1). A claimant is only found disabled if his physical or mental impairments are of such severity that the claimant cannot perform past work or, "considering [the claimant's] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 423(d)(2)(A).

In reviewing an initial application for disability benefits, the Commissioner engages in a five-part, sequential evaluation process to assess whether the claimant is disabled. 20 C.F.R. § 1520(a). The five steps of this evaluation process require the Commissioner to determine (1) whether the claimant is presently performing substantially gainful activity; (2) whether the claimant has a "severe medically determinable physical or mental impairment" or combination of impairments that has lasted or is expected to last more than 12 months; (3) whether the impairment or combination of impairments meets or equals the severity of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) whether the claimant retains residual functional capacity to perform past work; and (5) whether the claimant can perform "other work" that exists "in significant numbers" in the national economy, taking into account the claimant's residual functional capacity, age, education, and work experience. 20 C.F.R. § 404.1520(a)(4)(i)–(v). At the first four steps of the sequential evaluation, the claimant bears the burden of proof. At the fifth step, the burden of proof shifts to the Commissioner. *Johnson v. Comm'r of Soc. Sec.*, 652 F.3d 646, 651 (6th Cir. 2011) (citing *Wilson v. Comm'r of Soc. Sec.*,

378 F.3d 541, 548 (6th Cir. 2004)).

Claimants who have already been determined to be disabled and awarded DIB are subject to periodic review of their continued entitlement to benefits. 20 C.F.R. § 404.1594(a). In the context of a CDR, the claimant does not enjoy a presumption of continuing disability, *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 285, 286–87 & n.1 (6th Cir. 1994), but, unlike in initial disability determinations, "the ultimate burden of proof lies with the Commissioner in termination proceedings." *Kennedy v. Astrue*, 247 F. App'x 761, 765, 768 (6th Cir . 2007) (citations omitted). To meet that burden, the Commissioner must establish that the "physical or mental impairment on the basis of which [DIB was awarded] has ceased, does not exist or is not disabling," 42 U.S.C. § 423(f), by presenting "substantial evidence" that demonstrates that

> (A) there has been any medical improvement in the individual's impairment or combination of impairments (other than medical improvement which is not related to the individual's ability to work), and
>
> (B) the individual is now able to engage in substantial gainful activity. . . .

42 U.S.C. § 423(f)(1). That is, the Commissioner must establish that medical improvement has occurred and that such improvement is related to the claimant's ability to work. 20 C.F.R. § 404.1594(a).

To assess continuing disability in a CDR, the Commissioner must follow an eight-step sequential evaluation process. The eight steps require the Commissioner to determine (1) whether the claimant is performing substantially gainful activity; (2) whether the claimant has an impairment or combination of impairments that meets or equals the criteria of an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (3) whether there has been medical improvement that has decreased the medical severity of the claimant's impairments; (4) whether the medical improvement relates to the ability to work; (5) whether an exception to medical improvement applies; (6) whether the claimant's impairments in combination are severe; (7)

whether the claimant has retained residual functional capacity and can perform past work; and (8) whether the claimant can perform any other substantial gainful activity. 20 C.F.R. § 404.1594(f)(1)–(8). Again, the Commissioner bears the burden of proof at each of these steps.

In this case, the ALJ articulated each of the first seven steps without mentioning the burden of proof. The only reference in her entire opinion to the burden of proof occurs in her recitation of step eight, where she stated:

> At the last step, the undersigned must determine whether other work exists that the claimant can perform, given his residual functional capacity and considering his age, education, and past work experience (20 CFR 404.1594(f)(8)). If the claimant can perform other work, he is no longer disabled. If the claimant cannot perform other work, his disability continues. *Although the claimant generally continues to have the burden of proving disability at this step, a limited burden of going forward with the evidence shifts to the [SSA]*. In order to support a finding that an individual is not disabled at this step, the [SSA] is responsible for providing evidence that demonstrates that other work exists in significant numbers in the national economy that the claimant can do, given the residual functional capacity, age, education, and work experience.

(Tr. 50, Doc. 14 (emphasis added).)

As the magistrate judge found, the ALJ here clearly misstated the applicable law, pursuant to which the Commissioner bears the burden of proving *both* work-related medical improvement and that the claimant is currently able to engage in substantial gainful activity. While this court is unaware of any Sixth Circuit case directly on point, those courts that have considered precisely the same issue, in cases involving identically worded ALJ decisions, have concluded that reversal is required. *See, e.g.*, *McLean v. Colvin*, No. CIV-14-1031-R, 2015 WL 5730451, at *3-5 (W.D. Okla. Sept. 15, 2015) (where the ALJ opinion included language identical to that at issue here ("Although the claimant generally continues to have the burden of proving disability at this [eighth] step, a limited burden of going forward with the evidence shifts to the Social Security Administration."), holding that, "because the ALJ's evaluation of

Plaintiff's case was generally conducted under an incorrect legal standard, . . . reversal is required."), *report & recommendation adopted*, No. CIV-14-1031-R, 2015 WL 5769994 (W.D. Okla. Sept. 30, 2015); *McCleave v. Colvin*, No. CIV-12-881-F, 2013 WL 4840477 (W.D. Okla. Sept. 10, 2013) (holding that the ALJ, in using identical language to that in this case, "failed to recognize . . . that the burden of proof is wholly different in a termination decision and applied a clearly erroneous legal standard that did not assign the Commissioner the burden of proof at each step of the evaluation process, not just at the last step" and, therefore, that reversal and remand were required); *Ames v. Astrue*, No. 2:10-CV-0244, 2012 WL 931346, at *7 (N.D. Tex. Mar. 13, 2012) (reversing and remanding in a case where the ALJ employed identical language at the eighth step, stating: "This burden shifting was improper and contrary to the statute and case law and constituted legal error. The Court cannot find misapplication of the burden of proof harmless."), *report & recommendation adopted*, No. 2:10-CV-0244, 2012 WL 946671 (N.D. Tex. Mar. 19, 2012).

In each of the cases cited above, the court determined that the ALJ's error in applying the incorrect legal standard was fundamental and required reversal. As the *McLean* court stated in rejecting the Commissioner's argument that the error should be considered harmless: "'[E]ven assuming the ALJ reviewed the evidence "on a neutral basis," as required by 20 C.F.R. § 404.1594(b)(6), this method of reviewing the evidence is not adequate if the ALJ did not evaluate the evidence under the correct legal standard.'" *McLean*, 2015 WL 5730451, at *4 (quoting *McCleave*, 2013 WL 4840477, at *5).

This court agrees and finds that the ALJ's misstatement of the applicable legal standard and incorrect assignment of the burden of proof is not a harmless or *de minimis* procedural error. Reversal is therefore required. *Accord Blakley*, 581 F.3d at 409 (an ALJ's procedural error that

deprives the court of the ability to engage in a "meaningful review" requires reversal unless the procedural error is a harmless, *de minimis* violation). Here, the ALJ's written decision contains no language that reflects a correct understanding or application of the allocation of the burden of proof or otherwise establishes that the ALJ's error was harmless. This matter must be reversed due to the ALJ's "failure to apply the apply correct legal standards, or to show us that she has done so." *Hayden*, 374 F.3d at 988.

## V.     CONCLUSION

For the foregoing reasons:

1.     The defendant's Objections (Doc. No. 22) are **OVERRULED**.

2.     The magistrate judge's R&R (Doc. No. 21) is **ACCEPTED AND ADOPTED**.

3.     The plaintiff's Motion for Judgment on the Pleadings and Administrative Record (Doc. No. 16) is **GRANTED**. The ALJ's decision is **VACATED**, and this matter is **REVERSED AND REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) for a *de novo* hearing and consideration under the appropriate burden of proof.

This Order constitutes the judgment in this case.

It is so **ORDERED**.

ALETA A. TRAUGER
United States District Judge